# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

TIM FREDRICKSON,      )
      )
      Plaintiff,      )
      )
-vs-      )      Case No. CIV-21-0046-F
      )
ATTORNEY GENERAL OF THE      )
UNITED STATES, et al.,      )
      )
      Defendants.      )

## ORDER

On December 9, 2020, plaintiff Tim Fredrickson, a federal prisoner appearing *pro se*, filed this action in the United States District Court for the Northern District of Oklahoma. Plaintiff purportedly seeks relief under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In addition to his complaint, plaintiff filed an "Application to Proceed in District Court Without Prepaying Fees or Costs" ("*in forma pauperis* motion"). Doc. no. 5.

On January 15, 2021, the Honorable Claire V. Eagan transferred the matter to this court for all further proceedings. Doc. no. 7. At the time of the filing of the action and its transfer, plaintiff was confined at Cimarron Correctional Facility in Cushing, Oklahoma.

Upon receipt, this court referred the case to United States Magistrate Judge Amanda Maxfield Green for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). On January 29, 2021, Magistrate Judge Green entered an order informing plaintiff that his *in forma pauperis* motion was deficient because it was "missing the

certified copy of the statement(s) of plaintiff's institutional account(s) for the six-month period immediately preceding filing, obtained from the appropriate official of each penal institution or jail at which Plaintiff is or was confined." Doc. no. 11. Magistrate Judge Green ordered plaintiff to cure the deficiency on or before February 19, 2021. *Id.* The order was returned to the court clerk as undeliverable on February 11, 2021. Doc. no. 12. Subsequently, on February 24, 2021, Magistrate Judge Green issued a Report and Recommendation, recommending that the action be dismissed without prejudice for plaintiff's failure to comply with the January 29, 2021 order. Magistrate Judge Green advised plaintiff of his right to object to the Report and Recommendation by March 17, 2021.

The court is currently in receipt of a letter from plaintiff filed March 1, 2021. Doc. no. 14. The letter is dated February 23, 2021. Plaintiff attaches to the letter an inmate statement. Doc. no. 14-1. Plaintiff states that he was transferred to FCI Seagoville on January 22, 2021 and was not able to obtain a trust fund account statement until February 18, 2021. He states that the "[S]eagoville statement is proportionate[ly] up-to-date, reflecting no balance to transfer from [C]imarron—the equivalent of a statement from Cimarron." Doc. no. 14, p. 1.

Upon review, the court finds that the inmate statement provided by plaintiff does not cure the deficiency as ordered by Magistrate Judge Green. The inmate statement is not a "certified copy." Moreover, it is not a statement of plaintiff's institutional account for the 6-month period immediately preceding the filing of his complaint.

Section 1915(a)(2) of Title 28 of the United States Code states in relevant part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately

> preceding the filing of the complaint . . ., obtained from
> the appropriate official of each prison at which the
> prisoner is or was confined.

28 U.S.C. § 1915(a)(2).  Plaintiff filed his complaint on December 9, 2020.  Thus, plaintiff was required to submit a certified copy of the trust fund account statement (or institutional equivalent) for him for the 6-month period preceding that date.  Six months preceding December 9, 2020 was June 9, 2020.

The court notes that plaintiff alleges in his complaint that he arrived at Cimarron Correctional Facility on November 19, 2020.  Prior to that time, plaintiff appears to have been confined at the "Mercer County Jail" in Illinois.  Doc. no. 1, p. 4.

To comply with 28 U.S.C. § 1915(a)(2), plaintiff must provide a certified copy of his trust fund account statement (or institutional equivalent) for the entire period of time he was confined at Cimarron Correctional Facility and a certified copy of his trust fund account statement (or institutional equivalent) from June 9, 2020 to November 18, 2020 from the facility or facilities where he was confined during that time.  The certified copies of the trust fund account statements (or institutional equivalents) are to be obtained from the appropriate official of each facility where plaintiff was confined.

Accordingly, the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green on February 24, 2021 (doc. no. 13) is **HELD in ABEYANCE**.

Plaintiff Tim Fredrickson is **ORDERED** to submit, **within 60 days from the date of this order**, certified copies of the trust fund account statements (or institutional equivalents) for plaintiff for the 6-month period immediately preceding the December 9, 2020 filing of his complaint, obtained from the appropriate official of each prison or jail at which plaintiff was confined during that period.

3

Failure to comply with this order may result in the dismissal without prejudice of this action without further notice to plaintiff.

IT IS SO ORDERED this 3rd day of March, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0046p001.docx