# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIM FREDRICKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-21-0046-F |
| | ) |
| ATTORNEY GENERAL OF THE | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On March 3, 2021, the court entered an order (doc. no. 15) ordering plaintiff, Tim Fredrickson, to submit, within 60 days, certified copies of the trust fund account statements (or institutional equivalents) for plaintiff for the 6-month period immediately preceding the December 9, 2020 filing of his complaint, obtained from the appropriate official of each prison or jail at which plaintiff was confined during that period. The court advised that failure to comply with the order may result in the dismissal without prejudice of this action without further notice to plaintiff. The court also held in abeyance the Report and Recommendation (doc. no. 13) issued by United States Magistrate Judge Amanda Maxfield Green on February 24, 2021, recommending dismissal without prejudice of plaintiff's action for his failure to comply with her January 29, 2021 order (doc. no. 11) requiring plaintiff to submit "the statement(s) of institutional account(s)" by February 19, 2021.

The court is currently in receipt of plaintiff's "Request for Clarification," filed March 15, 2021. Doc. no. 17. Upon review, the court makes the following determination with respect to each of the five items listed by plaintiff.

Item 1. Plaintiff represents that he did not receive doc. no. 11, Magistrate Judge Green's Order to Plaintiff to Cure Deficiencies, which sets forth the deficiency relating to his *in forma pauperis* motion (motion to proceed without prepayment of fees or costs). The court **DIRECTS** the court clerk to send plaintiff a copy of doc. no. 11 for his information.[1]

Items 2 and 4. Plaintiff asks if the court is satisfied with any of the following institutional account statements, "Mercer County Jail, Aledo Illinois, Cimarron CoreCivic CCA, Cushing Oklahoma, Seagovill[e] FCI, Seagoville Texas" and asserts that "Cimarron was only able to provide a signature on a paper stating a balance of zero" and that the document from Seagoville "show[ed] a balance and history of zero."

As indicated by Magistrate Judge Green's January 29, 2021 order and this court's March 3, 2021 order, the institutional account statements submitted by plaintiff were not satisfactory.

Specifically, the Statement of Institutional Accounts (from Cimarron) submitted by plaintiff with his Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 28, 2020 (doc. no. 5), was not satisfactory as it only stated what was in plaintiff's account as of December 23, 2020. It did not provide a statement of what was in plaintiff's institutional account or accounts for the 6-month period immediately preceding the filing of plaintiff's complaint on December 9, 2020.

Additionally, the Inmate Statement (from Seagoville) attached to the letter submitted by plaintiff on March 1, 2021 (doc. no. 14) was not satisfactory as it was not certified by an authorized prison official at FCI Seagoville. Further, the

---

[1] Doc. no. 11 was returned to the court as undeliverable. *See*, doc. no. 12. Under Rule 5.4 of the court's Local Civil Rules, papers sent by the court are deemed delivered if sent to the last known address given to the court. Doc. no. 11 was sent to plaintiff's last known address.

2

statement does not sufficiently indicate what was in plaintiff's institutional account or accounts for the 6-month period immediately preceding the filing of plaintiff's complaint on December 9, 2020. Although the statement provides two dates "10/28/2020" and "8/21/2020" and "National 6 Months" figures in "Other Balances," plaintiff represented in his letter (doc. no. 14) that he was transferred to FCI Seagoville on January 22, 2021. And it is not clear what the "National 6 Months" figures in "Other Balances" reference.

The record does not reflect that plaintiff has submitted an institutional account statement from Mercer County Jail. The court therefore cannot state whether or not such statement was satisfactory. If plaintiff was in fact confined in Mercer County Jail at any time during the 6-month period immediately preceding the filing of his complaint, the failure to submit a certified copy of the trust fund account (or institutional equivalent) from Mercer County Jail for that period of time was not satisfactory.

As stated in the court's March 3, 2021 order, 28 U.S.C. § 1915(a)(2) requires a prisoner seeking to bring a civil action without prepayment of fees or security to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison [or jail] at which the prisoner is or was confined."

Item 3. Plaintiff asks the court if it is seeking a "certified copy" in the form of a staff affidavit, staff signature, or staff-printed financial statement. The court has a form which it provides to prisoners who desire to apply for leave to proceed in forma pauperis. The form includes a "Required Certification" section. The court **DIRECTS** the court clerk to send plaintiff three copies of the "Required Certification" section so that plaintiff may use it to comply with Magistrate Judge Green's order and this court's order.

3

Item 5.  Plaintiff states that he is unable to obtain a history from Mercer County Jail because he does not have the address and he no longer exists within the Mercer County Jail system.  He also states that Mercer County Jail regularly faxes trust fund statements to the Central District of Illinois.

In order to proceed without prepayment of fees or security, plaintiff must comply with § 1915(a)(2).  It is plaintiff's responsibility to obtain the information required.  The court is not obligated to provide plaintiff an address for Mercer County Jail or to contact Mercer County Jail to obtain a trust fund statement on plaintiff's behalf.  Plaintiff may present a copy of this order and the court's March 3, 2021 order to the appropriate jail official to facilitate plaintiff's compliance with the requirements of § 1915(a)(2).

Plaintiff also requests the court to take "judicial notice of all prior approvals [of] IFP status with certified statements always reflecting a bal[a]nce of zero." Plaintiff, however, has not submitted any of these prior approvals or the certified statements reflecting a balance of zero.  The court therefore has nothing of which to take judicial notice.  There is also no indication that any of these prior approvals involved the 6-month period immediately preceding the filing of plaintiff's complaint on December 9, 2020 and would be relevant to the court's determination of plaintiff's *in forma pauperis* motion.

The court's March 3, 2021 order remains in effect.  Plaintiff Tim Fredrickson is **ORDERED** to submit, **within 60 days from March 3, 2021**, certified copies of the trust fund account statements (or institutional equivalents) for plaintiff for the 6-month period immediately preceding the December 9, 2020 filing of his complaint, obtained from the appropriate official of each prison or jail at which plaintiff was confined during that period.

Plaintiff shall file his certified copies by attaching them to a document which contains a caption with the court's name, the names of the parties, the case number,

and a title of Supplement to Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff shall also sign and date his document. If plaintiff intends to rely on the prison mailbox rule, which provides that a pro se prisoner's filing may be considered timely if given to prison officials for mailing prior to the filing deadline, *see*, Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005), plaintiff's certificate of mailing must comply with the rule. The prison mailbox rule requires an inmate to allege and prove he used the prison's legal mail system (if one is available), or to include a notarized statement or a declaration under penalty of perjury of the date on which he gave the documents to prison staff for mailing and attesting that postage was prepaid. *Id*. at 1166.

Failure to comply with this order may result in the dismissal without prejudice of this action without further notice to plaintiff.

IT IS SO ORDERED this 26th day of March, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0046p002.docx